USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 21 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COMMERZBANK AG,

              Plaintiff,

    -against-

THE BANK OF NEW YORK MELLON, et al.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

15 Civ. 10029 (GBD)

GEORGE B. DANIELS, United States District Judge:

This action arises out of Defendant Bank of New York Mellon's ("BNYM") role as trustee for 72 residential mortgage-backed securitization ("RMBS") trusts and Defendant BNYM Trust's role as trustee for the Millstone II collateralized debt obligation ("CDO"). (Amended Complaint ("AC"), ECF No. 25, ¶ 1.) Plaintiff asserts six causes of action: (1) violations of the Trust Indenture Act of 1939 ("TIA"), (2) breach of contract, (3) breach of the fiduciary duty of care, (4) negligence, (5) violations of the Streit Act, N.Y. Real Prop. Law 124, and (6) breach of the covenant of good faith. Defendants move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Defendants' motion to dismiss Plaintiff's claims as untimely under German law is DENIED. Defendants' motion to dismiss the Amended Complaint for failure to state a claim is GRANTED as to Plaintiff's third, fifth, and sixth cause of action and DENIED with regard to Plaintiff's first, second, and fourth cause of action.

Additionally, Plaintiff's motion to strike Defendant's expert report is DENIED and Plaintiff's motion to submit a rebuttal expert report is DENIED.

## I. BACKGROUND

Plaintiff acquired certificates issued by the RMBS trusts. (AC ¶ 3.) Plaintiff's claims arise from BNYM's role as the trustee of those trusts and from BNYM Trust's role as trustee for the Millstone II CDO. (AC ¶ 1.) Investment banks acting as "Sponsors" and "Depositors" (collectively known as "Sellers") first acquired these loans generated by mortgage loan originators. (AC ¶ 6.) The Sellers then pooled the loans and conveyed them into the Trusts. (AC ¶ 37.) The Sponsors selected "Servicers," who collect payments on the loans from the underlying borrowers and send the funds to the trustees. (AC ¶ 38.)

The Sellers provided contractual representations and warranties to the Trusts attesting to the completeness of the mortgage loan files and credit quality of the underlying loans. (AC ¶ 74.) The Sellers contracted to cure, substitute, or repurchase mortgages that materially breached these representations and warranties. (AC ¶ 54.) The Servicers also executed covenants to service loans in accordance with customary and usual standards of practice of prudent institutional mortgage lenders servicing similar loans. (AC ¶ 65.)

At issue are the 72 RMBS trusts and the Millstone II CDO. Sixty-eight trusts are New York common law trusts ("PSA trusts"), governed by Pooling and Servicing Agreements ("PSAs") and related agreements incorporated and referenced by the PSAs. (AC ¶ 15.) Four trusts are Delaware statutory trusts ("SSA trusts"), governed by Sale and Servicing Agreements ("SSAs") and separate trust indentures. (*Id.*) BNYM Trust was the trustee for the Millstone II CDO and its contractual duties are set forth in an indenture ("Millstone Indenture"). (AC ¶¶ 7, 172.)

## II. LEGAL STANDARDS

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to comply with German statute of limitations and Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

Courts often do not distinguish between Rules 12(b)(1) and 12(b)(6) when ruling upon a motion to dismiss for failure to comply with the statute of limitations, but Rule 12(b)(1) is the appropriate vehicle when the motion gives rise to jurisdictional questions about, among other things, whether the borrowing statute applies, plaintiff's residence, and where the injury accrued. *See Adams v. Crystal City Marriott Hotel*, 02-cv-10258 (PKL) 2004 WL 744489, at *5 (S.D.N.Y. Apr. 6, 2004) (citing *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105 (2d Cir.1997); *A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76 (2d Cir.1993)). In reviewing a motion to dismiss under Rule 12(b)(1), a "court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted), *aff'd*, 561 U.S. 247 (2010).

"A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 13-cv-03180, 2015 WL 5472944, at *13 (S.D.N.Y. Sept. 16, 2015). In deciding a Rule 12(b)(6) motion, a court "accept[s] all factual allegations in the complaint as true . . . and draw[s] all reasonable inferences" in favor of the plaintiffs. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008)). In order to survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding a Rule 12(b)(6) motion is not limited to the face of the complaint. A court "may [also] consider any written instrument attached to the complaint [or] statements or documents incorporated into the complaint by reference." *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## III.   STATUTE OF LIMITATIONS

Defendants move to dismiss Plaintiff's claims as untimely under the German statute of limitations pursuant to Federal Rule of Civil Procedure 12(b)(1). (Mot., ECF No. 36, at 10.) "[B]ecause the defendant[] bear[s] the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run." *Fargas v. Cincinnati Mach.*, LLC, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013) (citations omitted). N.Y. C.P.L.R. § 202 requires a non-resident plaintiff to file a claim within the shorter of either: (1) the New York statute of limitations or (2) the statute of limitations in the jurisdiction in which the claim accrued. *Glob. Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 484 (N.Y. 1999). A cause of action "accrues" at the time when, and the place where, the plaintiff is injured. *Id.* at 484. Absent unusual circumstances, when the injury of a nonresident plaintiff is purely economic, the cause of action accrues where the plaintiff resides and sustains the economic impact of the loss.[1] *Id.* at 485.

---

[1] Plaintiff has not pled any unusual circumstances to justify a departure from the general rule that a cause of action accrues where the plaintiff resides and sustains the economic impact of the loss. *See Baena v. Woori Bank*, 05-cv-7018 (PKC), 2006 WL 2935752, at *6 (S.D.N.Y. Oct. 11, 2006) ("T[his] exception . . . is applied only in the extremely rare case where the party has offered unusual circumstances evincing that the economic injury occurred at a place other than the plaintiff's residence") (citations omitted). Plaintiff obliquely argues that certain claims accrued outside of Germany—either at its London branch or at the residence of other companies who later assigned claims to Commerzbank—but still fails to establish that the economic impact of the loss was sustained anywhere but Germany. (*See* Opp., ECF No. 40, at 10-11.)

"If the injured party is a corporation, then the place of residence for the purposes of [the borrowing statute] is traditionally the state of incorporation or the corporation's principal place of business." *HSN Nordbank AG v. RBS Holdings USA Inc.*, 13-cv-3303 (PGG), 2015 WL 1307189, at *5 (S.D.N.Y. Mar. 23, 2015) (quoting *Baena v. Woori Bank*, 05-cv-7018 (PKC), 2006 WL 2935752, at *6 (S.D.N.Y. Oct. 11, 2006)).

Plaintiff's injuries are purely economic and Plaintiff is an entity organized under the laws of Germany. (AC ¶ 22.) Thus, Plaintiff's claims accrued in Germany and, pursuant to N.Y. C.P.L.R. § 202, are subject to German statute of limitations. "Due to the proliferation of RMBS litigation in America involving claims that accrued in Germany, American courts have recently had the opportunity to interpret the German statute of limitations applicable to th[ese] case[s]." *Commerzbank AG v. Deutsche Bank Nat'l Trust Co.*, 15-cv-10031 (JGK), 2017 WL 564089, at *7 (S.D.N.Y. Feb. 10, 2017).

> "[T]he relevant provision of German law is Section 195 of the German Civil Code, which has a three-year limitations period. That period begins to run at the end of the calendar year in which 1) the claim arose and 2) the plaintiff either has knowledge of the circumstances giving rise to the claim and the identity of the defendant, or would have had such knowledge but for gross negligence. Bürgerliches Gesetzbuch Civil Code, § 199. Under German law, a plaintiff has knowledge of the circumstances giving rise to the claim when she obtains knowledge of the facts necessary to commence an action in Germany with an expectation of success or some prospect of success, though not without risk and even if the prospects of success are uncertain. To satisfy this standard, a plaintiff need not know all the relevant details or have conclusive proof available; knowledge of the factual circumstances underlying the claim is sufficient." *Id.* (internal quotations omitted) (citing *IKB Deutsche Industriebank AG v. McGraw Hill Fin., Inc.*, 634 F. App'x. 19, 22 (2d Cir. 2015)).[2]

---

[2] Both parties submitted expert reports regarding the application of German law to this case. On October 11, 2016, Plaintiff moved to strike Defendant's expert report (ECF No. 48) as improperly raising new issues on reply. As a threshold matter, questions of foreign law are treated as questions of law, and the Court "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1; *see also Seetransport Wiking Trader Schiffahrtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 29 F.3d 79, 81 (2d Cir. 1994); *IKB Deutsche Industriebank AG v. McGraw Hill Fin., Inc.*, 14-cv-3443 (JSR), 2015 WL 1516631, at *3 n.1 (S.D.N.Y. Mar. 26, 2015) (noting that courts "may reject the opinion of an expert on

In contrast to the three-year German statute of limitations, the longest New York statute of limitations applicable to Plaintiff's claims is six years (N.Y. C.P.L.R. § 213(2)) and thus, pursuant to N.Y. C.P.L.R. § 202, the three-year German statute of limitations applies.

Under German law, Commerzbank must have had sufficient knowledge of each element of each of its claims with respect to each Trust for Section 195 to time-bar its claims. *See, e.g., HSN Nordbank AG et al. v. RBS Holdings USA Inc. et al.*, 13-cv-3303 (PGG), 2015 WL 1307189, at *6 (Mar. 23, 2015 S.D.N.Y.); *Phoenix Light SF Ltd. v. Ace Sec. Corp.*, 975 N.Y.S.2d 369 (Sup. Ct. 2013) ("[T]he statute of limitations does not begin to run until plaintiff is on notice of every element of the claim"). Plaintiff initiated this suit on December 23, 2015. (*See* Compl., ECF No. 1.) Based on the allegations, Defendants fail to prove that Plaintiff had sufficient knowledge of each element of each of its claims with respect to each Trust, such that it could have commenced this action with an expectation, or some prospect, of success before the lapse of the three-year statute of limitations. *See, e.g., Commerzbank*, 2017 WL 564089, at *7 (dismissing Defendant's German statute of limitations argument on similar grounds). Accordingly, Defendants' motion to dismiss Plaintiff's claims as untimely under German law is DENIED.

## IV. FAILURE TO STATE A CLAIM

Defendants argue that Plaintiff's fail to state any plausible claim for violations of the TIA, breach of contract, breach of fiduciary duty, negligence, violations of the Streit Act, and violations of the covenant of good faith.

---

foreign law or give it whatever probative value the court believes it deserves" (citation omitted)). Moreover, the applicable German statute of limitations has been interpreted by courts in this Circuit to such an extent that this Court need not rely on the disputed expert report. Plaintiff's motion to strike Defendant's expert report is DENIED and Plaintiff's motion to submit a rebuttal expert report is DENIED.

### A. First Cause of Action: Violations of the TIA

The Second Circuit has held, and the parties do not dispute, that the TIA does not apply to PSA trusts. *See Retirement Bd. of the Policemen's Annuity & Ben. Fund v. Bank of N.Y. Mellon*, 775 F.3d 154, 166-70 (2d Cir. 2014). Therefore, all TIA claims with regard to the PSA trusts are dismissed. Additionally, Plaintiff expressly "abandon[ed] claims asserted under TIA Section 316(b)" (Opp., ECF No. 40, at 33 n.25) and thus, its Section 316(b) claims are dismissed. The remaining TIA claims apply only to the four SSA trusts.

Section 315(b) requires indenture trustees to "give to the indenture security holders . . . notice of all defaults known to the trustee . . . ." 15 U.S.C. § 77ooo(b). In contrast, Section 315(c), requires the trustee to "exercise in case of default (as such term is defined in such indenture) such of the rights and powers vested in it by such indenture . . . as a prudent man would exercise or use under the circumstances in the conduct of his own affairs." 15 U.S.C. § 77ooo(c).

Defendants argue that Plaintiff fails to state a claim under Section 315(b) because that section applies only to a default as defined in the Indenture. (Mot. at 32-33.) This Court previously held that "by its plain terms, and unlike section 315(c), section 315(b) does not limit defaults to those Events of Default defined in the Indenture." *Blackrock v. Bank of N.Y. Mellon*, 180 F. Supp. 3d 246, 260 (S.D.N.Y. 2016). Moreover, the Indentures incorporate the SSAs, which define Events of Default to include a material breach of the SSAs by the Servicer. (*See* Opp. at 32.) Plaintiff has adequately alleged the occurrence of servicer defaults. It has also adequately pled the occurrence of defaults under Section 315(b). Likewise, as Plaintiff has adequately alleged that BNYM failed to act prudently upon the occurrence of alleged Events of Default, it has adequately pled a claim under Section 315(c). Because Plaintiff adequately pled a TIA claim with regard to

the four SSA trusts under Section 315(c), Defendants' motion to dismiss the first cause of action is DENIED.

### B. Second Cause of Action: Breach of Contract

Under New York law, "[t]o make out a viable claim for breach of contract a 'complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). The parties dispute whether BNYM breached the governing contracts. (Mot. at 12-30.)

Defendants argue that "[e]ach of the duties that Plaintiff claims BNYM did not honor is expressly contingent on BNYM's actual knowledge (or in some PSAs, receipt of 'written notice') of particular information" and that Plaintiff has not plausibly alleged such actual knowledge on a loan-by-loan or trust-by-trust basis. (Mot. at 12, 17 (citing *Retirement Bd. of the Policemen's Annuity & Ben. Fund v. Bank of N.Y. Mellon*, 775 F.3d 154 (2d Cir. 2014 )).) This Court, however, previously explained that "[c]ourts in this District have roundly rejected BNYM's [loan-by-loan or trust-by-trust] argument, recognizing that Plaintiffs do not need to refer to breaches of particular representations and warranties at the pleadings stage." *Blackrock*, 180 F. Supp. 3d at 258 (citing *Royal Park Invs. SA/NV v. Bank of New York Mellon*, 14-cv-9502 (GHW), 2016 WL 899320, at *4 (S.D.N.Y. Mar. 2, 2016) ("[T]his argument is not valid in the procedural posture of a motion to dismiss, where the Court is evaluating the sufficiency of the pleadings, not the ultimate proof to be presented to a finder of fact."); *Blackrock Core Bond Portfolio v. U.S. Bank Nat'l Ass'n*, 14-cv-9401 (KBF), 2016 WL 796848, at *15 (S.D.N.Y. Feb. 26, 2016) ("[T]he non-loan-specific pleading passes muster at this stage."); *Phoenix Light SF Ltd. v. Bank of New York Mellon*, 14-cv-

10104 (VEC), 2015 WL 5710645, at *6 (S.D.N.Y. Sept. 29, 2015) ("[T]he Court rejects Defendant's attempt to import the Second Circuit's discussion into the pleadings context.")). This approach is consistent with previous decisions by the New York Appellate Division. *See, e.g., Commerce Bank v. Bank of N.Y. Mellon*, 141 A.D.3d 413, 414 (1st Dep't 2016) ("there is persuasive authority that *Retirement Bd.*'s [loan-by-loan and trust-by-trust requirement] does not apply to the sufficiency of allegations on a motion to dismiss for failure to state a claim").

Defendants also argue that Plaintiff failed to adequately allege that any Events of Default occurred and that BNYM had actual knowledge that any Events of Default occurred. (Mot. at 25-31.) The Amended Complaint, however, plausibly alleges that multiple Events of Default occurred under the PSAs and Indentures arising from BNYM's failure to provide Certificateholders with notice of Events of Default and to act as a prudent person once it had knowledge of such events. (*See, e.g.,* AC ¶¶ 110-119, 130-144.) The Amended Complaint also plausibly alleges that BNYM had actual knowledge of such events based on, among other things, written notice of servicing violations. (*See, e.g.,* AC ¶¶ 83, 120, 121.) As this Court previously explained, "[c]ourts in this District have held that allegations such as these raise a plausible inference that Events of Default occurred and that a trustee had actual knowledge of their occurrence." *Blackrock*, 180 F. Supp. 3d at 259-60 (citing *Royal Park*, 2016 WL 899320, at *5–6; *Fixed Income Shares: Series M v. Citibank N.A.*, 14-cv-9373 (JMF), 2015 WL 5244707, at *12 (S.D.N.Y. Oct. 26, 2015)).

Nevertheless, Defendants argue that *Commerce Bank v. Bank of N.Y. Mellon*, 141 A.D.3d 413, 414 (1st Dep't 2016) ("*Commerce Bank*") is dispositive of Plaintiff's breach of contract claim. In *Commerce Bank*, however, the First Department held that "[t]he court correctly denied defendant's motions to dismiss so much of the contract claims as is based on section 2.01(c) of the PSAs, because that section is ambiguous" as to the defendant's obligations. *Id.* It also held that

the portion of Plaintiff's breach of contract claim that "was based on defendant's failure to give notice of an event of default . . . [upon] notice of each such Event of Default" was properly dismissed where "Plaintiffs allege[d] no written notice other than [a] letter" sent by a nonparty to Defendant which "was a notice of events that, with time, might ripen into events of default." *Id.* at 414-15. Here, Plaintiff's allegations are more robust than in *Commerce Bank*. Specifically, Plaintiff alleges that BNYM received at least three written notices of servicing violations which, viewed in the light most favorable to Plaintiff, plausibly alleges knowledge of events of default. (*See, e.g.*, AC ¶¶ 83, 120, 121.) Additionally, Plaintiff alleges that BNYM discovered breaches through, among other things, BNYM's involvement in other litigation where loan level reviews revealed systemic breaches of representations and warranties. (AC ¶¶ 75-90, 95-106.) Because Plaintiff adequately pled a breach of contract claim, Defendants' motion to dismiss Plaintiff's second cause of action is DENIED.

### C. Third Cause of Action: Breach of Fiduciary Duty

"Under New York law, a breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (citing *Clark-Fitzpatrick v. Long Island R.R. Co.*, 516 N.E.2d 190 (N.Y. 1987)). "Such a 'legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent on the contract.'" *Id.* (quoting *Clark-Fitzpatrick*, 516 N.E.2d at 194). "Where an independent tort duty is present, a plaintiff may maintain both tort and contract claims arising out of the same allegedly wrongful conduct." *Id.* (citing *Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897, 898–99 (2d Cir. 1980)). "If . . . the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain

through an action in tort, the claim is precluded as duplicative." *Id.* (citing *N.Y. Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 770 (N.Y. 1995)).

Plaintiff's third cause of action alleges that BNYM breached its fiduciary duty "to exercise all powers under the PSAs and the Millstone Indenture to act prudently to protect certificateholders' and noteholders' rights once an Event of Default occurred . . . ." (AC ¶ 223.) This is essentially the same allegation that gives rise to Plaintiff's breach of contract claim. *See Fixed Income Shares: Series M*, 2015 WL 5244707, at *13 (dismissing substantively identical causes of action as duplicative of breach of contract claim). Accordingly, Defendants' motion to dismiss the third cause of action is GRANTED.

### D.   Fourth Cause of Action: Negligence

Plaintiff's fourth cause of action alleges that BNYM's "negligence and gross negligence impaired certificateholders' and noteholders' ability to fully collect the principal and interest due on their certificates and notes," *i.e.*, that BNYM failed to act with due care. (AC ¶ 228.) Like Plaintiff's breach of fiduciary duty claim, this allegation is duplicative of the breach of contract claim. *See Fixed Income Shares: Series M*, 2015 WL 5244707, at *13. However, Plaintiff's fourth cause of action also alleges negligence for failure to avoid conflicts of interest. Under New York common law, an indenture trustee's duty to avoid conflicts of interest is an extra-contractual duty that is not duplicative of a breach of contract claim. *See, e.g., Royal Park*, 2016 WL 899320, at *7. This Court previously explained that "plaintiffs . . . adequately plead[] a conflict of interest where they have alleged that an RMBS trustee failed to enforce representations and warranties claims or declare Events of Default out of fear of disrupting existing business relationships with counterparties. . . [or] where plaintiffs allege[] that an RMBS trustee failed to take action against Sellers and Servicers who violated their obligations to the trusts because it feared retaliation from

those same Sellers and Servicers with respect to loans that the RMBS trustee had itself originated or sponsored." *Blackrock*, 180 F. Supp. at 261. Here, Plaintiff has made similar allegations. Plaintiff alleges that BNYM failed to take action against Sellers and Servicers "because it would reveal that [it] was an active participant in various servicing related misconduct and imperiled lucrative business relationships." (AC ¶ 186.) These allegations are sufficient to allege a conflict of interest. Because Plaintiff adequately pled a claim of negligence for failure to avoid conflicts of interest, Defendants' motion to dismiss Plaintiff's fourth cause of action is DENIED.

E.   **Fifth Cause of Action: Violations of the Streit Act**

Plaintiff's fifth cause of action alleges violations of Section 130-e of the Streit Act with regard to the PSA trusts. Section 130-e of the Streit Act provides that, "A trustee, committee or any member thereof and a depository may be removed by the court for cause shown upon the application of any person aggrieved by the act or omission to act of such trustee, committee, member or depository after such notice and opportunity to be heard in his or its defense as the court shall direct."

Plaintiff alleges that BNYM is liable for monetary damages, rather than the equitable relief contemplated by Section 130-e—*i.e.*, the removal of the defendant as the trustee of the Trusts. (AC ¶ 236.) Plaintiff relies on the general principle that "[w]here a plaintiff succeeds in proving his entitlement to equitable relief, and the granting of such relief 'appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy.'" (Opp. at 39 (citing *Doyle v. Allstate Ins. Co.*, 136 N.E.2d 484, 486 (N.Y. 1956)).) Critically, Commerzbank pleads no facts to support that it is entitled to such relief—specifically, that removal would be "impossible or impractical." Accordingly, Defendants' motion to dismiss Plaintiff's fifth cause of action is GRANTED.

F.     **Sixth Cause of Action: Violations of the Covenant of Good Faith**

Plaintiff's sixth cause of action alleges violations of the covenant of good faith. "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). Plaintiff's claim is predicated on the same alleged factual elements as its breach of contract claim—namely, that BNYM "injured the rights of Commerzbank to receive the benefits and protections provided for under the PSAs and the Millstone Indenture" (AC ¶ 238) by failing to comply with its obligations under the government agreements." Accordingly, Defendants' motion to dismiss Plaintiff's sixth cause of action is GRANTED.

V.     **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss Plaintiff's claims as untimely under German law is DENIED. Defendants' motion to dismiss the Amended Complaint for failure to state a claim is GRANTED as to Plaintiff's third, fifth, and sixth cause of action and DENIED with regard to Plaintiff's first, second, and fourth cause of action.

Additionally, Plaintiff's motion to strike Defendant's expert report is DENIED and Plaintiff's motion to submit a rebuttal expert report is DENIED.

The Clerk of Court is directed to close the motions at ECF No. 35 and ECF No. 48.

Dated:  New York, New York
        March __, 20 **MAR 2 1 2017**

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge