UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sep 06 2018

COMMERZBANK AG,

        Plaintiff,

-against-

THE BANK OF NEW YORK MELLON, et ano.,

        Defendants.

15-CV-10029 (GBD) (BCM)

**DISCOVERY ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record at the September 5, 2018 discovery conference, it is hereby ORDERED as follows:

1. <u>Revised Logs</u>. On or before **October 19, 2018**, defendants shall serve revised privilege logs (covering both withheld and redacted documents) in compliance with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, including the specific revisions set forth herein.

    a. In accordance with Local Civil Rule 26.2(a)(2)(A)(i) (requiring disclosure of the "type of document, e.g., letter or memorandum"), defendants shall more precisely identify email attachments presently identified only as text ("txt"), portable document format ("pdf") or Word ("doc" or "docx") files.

    b. In accordance with Local Civil Rule 26.2(a)(2)(A)(ii) (requiring disclosure of the "general subject matter of the document"), defendants shall reproduce the subject (or "re") line of all emails, and the file name of other electronic documents, unless defendants contend that this information is itself privileged, in which case they shall (i) clearly so indicate in the revised logs and (ii) identify the general subject matter of the information withheld or redacted on this basis.

    c. In accordance with Local Civil Rule 26.2(a)(2)(A)(iv) (requiring disclosure of "the author of the document, the addressees of the document, and any other recipients,

and, where not apparent, the relationship of the author, addressees, and recipients to each other"), defendants shall disclose, by name, (i) the author(s) of all documents for which one or more authors can be identified and (ii) the addressees and other recipients of all emails, memos, correspondence, and other documents known to have such addressees or recipients. If the authors of a document cannot be identified by name (for example, because the document was group-authored or updated over time by multiple contributors), defendants shall clearly so indicate in the revised logs. In addition, as to each document for which the claim of privilege is based in whole or in part upon the direction, request, or other participation by one or more attorneys other than the listed authors, addressees and recipients, defendants shall identify all such attorneys, by name, in a separate column.

2. <u>Meaningful Review</u>. Defendants are reminded that the job of "meaningfully reviewing before claiming privilege" is, in the first instance, the responsibility of counsel for the producing party. *See*, *e.g*., *McNamee v. Clemens*, 2014 WL 1338720, at *1 n.1 (E.D.N.Y. Apr. 2, 2014) (noting that magistrate judge "would have been amply justified in imposing the harshest of sanctions against Defendant for relegating her to performing counsel's job of meaningfully reviewing before claiming privilege"). The service of a privilege log constitutes a representation that the required meaningful review has occurred and that the producing party has a good-faith basis for withholding or redacting each logged document on the ground(s) asserted therein.

3. <u>Uniform Standards</u>. Plaintiff is advised that it will be expected to meet the same standards outlined above in connection with its own privilege logs. If any revisions are required to meet these standards, plaintiff shall serve its revised logs on or before **October 19, 2018**.

4. <u>Meet and Confer</u>. Promptly after the revised privilege logs are served, the parties shall meet and confer in good faith to identify and redress, if necessary, any remaining deficiencies in their respective logs. The parties shall submit a joint letter to the Court on or before **November 2, 2018**, outlining any unresolved disputes with respect to the adequacy of the privilege logs.

5. <u>Sealing Applications</u>. The Court has reviewed the parties' applications to seal various portions of their letter-briefs and exhibits submitted in connection with the present dispute. The letter-briefs themselves (Dkt. Nos. 117, 118, and 119) do not contain any information that is sufficiently confidential or sensitive to warrant sealing in accordance with the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d. Cir. 2006). However, the exhibits to those letters (Dkt Nos. 117-1 through 117-7 and 119-1 through 119-2) contain sufficient confidential detail so as to make sealing appropriate, particularly in light of the fact that these exhibits were filed for the limited purpose of determining the adequacy of a party's privilege logs. Consequently, the Court will file these exhibits under seal. The parties are directed to promptly refile their letter-briefs, unredacted (but without exhibits) on the public docket.

Dated: New York, New York
September 6, 2018

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**