USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/04/2019

WOLLMUTH MAHER & DEUTSCH LLP
500 FIFTH AVENUE
NEW YORK, NY 10110

MAYER BROWN
1221 AVENUE OF THE AMERICAS
NEW YORK

**MEMO ENDORSED**

April 3, 2019

The Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 20A
New York, New York 10007

Application GRANTED.
SO ORDERED.

_____
Barbara Moses, U.S.M.J.
April 4, 2019

Re: *Commerzbank AG v. The Bank of New York Mellon, et al.* No. 15-cv-10029 (SDNY)

**Subject: Request for Extension of Time for Deposition of Jerome Valadez and Joint Stipulation to Prohibit any Future Testimony or Other Proof from Mr. Valadez**

Dear Judge Moses:

The Court's March 5, 2019 order (ECF 219) granted Plaintiff's request to extend the deadline to take the deposition of Jerome Valadez, a former employee of The Bank of New York Mellon Trust Company, N.A., until March 20, 2019 (ECF 217). The parties had agreed that Mr. Valadez's deposition would take place in New York on March 20 because Mr. Valadez had told Mayer Brown that he was available on that date for a deposition in New York. However, Mr. Valadez subsequently ceased communicating with Mayer Brown. With Mayer Brown's consent, on March 15, Plaintiff's counsel attempted to contact Mr. Valadez directly, but those efforts were also unsuccessful. When neither party's counsel was able to reach Mr. Valadez to confirm his appearance on March 20, the parties agreed to cancel the deposition. To date, neither Mayer Brown nor counsel for the Plaintiff has been able to reach Mr. Valadez to reschedule the deposition.

As a result, the parties jointly request a further and final extension from the Court, until April 8, 2019, to allow the rescheduled deposition of Jerome Valadez to occur. If the parties are unable to confirm Mr. Valadez's appearance prior to April 8, 2019, the parties have agreed to stipulate that neither Commerzbank nor BNYM shall use any testimony or other proof from Mr. Valadez in this action, including but not limited to any affidavit, declaration, or live testimony at trial. (For clarity, the parties agree that this does not limit their ability to use documents produced in discovery, or the testimony of other witnesses, referring to Mr. Valadez, to the extent such evidence is admissible.)

The parties thank the Court for its attention to this issue.

                Respectfully Submitted,

| | |
|---|---|
| */s/ Jay S. Handlin* | */s/ Christopher J. Houpt* |
| Jay S. Handlin | Christopher J. Houpt |
| WOLLMUTH MAHER & DEUTSCH LLP | MAYER BROWN LLP |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

cc: Counsel of Record