**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
COMMERZBANK AG,

                        Plaintiff,

  -against-

THE BANK OF NEW YORK MELLON and
THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A.,

                       Defendants.
------------------------------------------------------------ x

**MEMORANDUM DECISION AND ORDER**

15 Civ. 10029 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

This Court's summary judgment decision denied Plaintiff Commerzbank AG's motion for partial summary judgment and granted in part and denied in part Defendants Bank of New York Mellon and Bank of New York Mellon Trust Company, N.A.'s (collectively, "BNYM") cross-motion for summary judgment. (Mem. Decision & Order ("Op."), ECF No. 358.) Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 54(b), for entry of partial final judgment (Pl.'s Mot. for Entry of Final J., ECF No. 359), and Defendants now move, pursuant to Federal Rule of Civil Procedure 60 and Local Rule 6.3, for clarification or reconsideration of a portion of the summary judgment decision. (Defs.' Mot. for Clarification or Reconsideration, ECF No. 361.)

Plaintiff seeks certification of final judgment as to two sets of claims dismissed by the summary judgment decision: (1) those relating to the Millstone II Collateralized Debt Obligation ("CDO") and (2) those relating to residential mortgage-backed securities ("RMBS") trusts that this Court dismissed on standing and statute of limitations grounds. (Mem. of Law in Support of Pl.'s Mot. for Entry of Partial Final J. ("Pl.'s 54(b) Mem."), ECF No. 360, at 1 n.1.) Defendants, meanwhile, seek clarification or reconsideration of the summary judgment decision's holding that claims that had not materialized at the time of the Countrywide Settlement were not

barred by either *res judicata* or collateral estoppel. (Mem. of Law in Support of Defs.' Mot. for Clarification or Reconsideration ("Defs.' Clarif. Mem."), ECF No. 362, at 1.)

Plaintiff's motion for entry of partial final judgment is DENIED. Defendants' motion for clarification or reconsideration is DENIED.

## I. PROCEDURAL HISTORY

At the outset of the summary judgment briefing, Commerzbank's remaining claims alleged violations of the Trust Indenture Act of 1939 ("TIA"), 15 U.S.C. § 77aaa *et seq.*, breach of contract, and negligence.[1] (*See* Am. Compl., ECF No. 25, ¶¶ 203–221, 226–228; Op. at 1, 3.) BNYM served as trustee in connection with certificates and notes issued from RMBS trusts and the Millstone II CDO. (Op. at 1.) In Plaintiff's telling, Defendants breached obligations that they undertook on Plaintiff's behalf, impairing Plaintiff's ability to collect the full principal and interest due on their certificates and notes. (*Id.*)

The summary judgment decision denied Commerzbank's motion for summary judgment; granted BNYM's cross-motion as to the TIA violation claims, negligence claims, and breach of contract claims related to pre-Event of Default ("EOD") duties to notify or repurchase; and denied BNYM's cross-motion as to breach of contract claims stemming from pre-EOD duties to investigate, the alleged occurrence of EODs, and post-EOD prudent person duties. (*Id.*) Following summary judgment, Plaintiff's claims in connection with 13 certificates issued from RMBS trusts remain at issue in this litigation. (*Id.* at 6.)

Of particular relevance for the instant motions, this Court found that: (1) Plaintiff had no standing to assert claims relating to certificates it sold prior to the commencement of this litigation (*id.* at 8–9); (2) the applicable German statute of limitations barred claims that Plaintiff had

---

[1] Owing to the current procedural posture, this Court assumes the parties' familiarity with the factual background of this case. For a more fulsome background, see Op. at 2–4.

knowledge of (or would have had knowledge of but for gross negligence) before 2012, jettisoning Plaintiff's claims relating to 11 certificates and the Millstone II CDO (*id.* at 10–13); and (3) the remaining claims, relating to trusts that formed the basis of the Countrywide Settlement (which settled claims brought against Countrywide by BNYM and others relating to 530 trusts), were not barred by *res judicata* or collateral estoppel because the "alleged servicing issues either continued or were disclosed to Defendants after the Settlement." (*Id.* at 14–15.)

## II. LEGAL STANDARDS

### A. Motions for Partial Final Judgment

Federal Rule of Civil Procedure 54(b) operates as a narrow exception to the "historic federal policy against piecemeal appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)). In relevant part, Rule 54(b) provides,

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Distilled down, "Rule 54(b) permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) 'there is no just reason for delay.'" *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164–65 (2d Cir. 2005) (quoting Fed. R. Civ. P. 54(b)).

A decision to enter partial final judgment pursuant to Rule 54(b) requires this Court to strike the proper balance between "the policy against piecemeal appeals and the equities between or among the parties." *Novick*, 642 F.3d at 310. Thus,

3

[a] certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. In general, a Rule 54(b) certification of the dismissal of fewer than all the claims in an action should not be granted if the same or closely related issues remain to be litigated.

*Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (citations and quotations omitted).

### B. Motions for Clarification or Reconsideration

#### 1. Clarification

Under Federal Rule of Civil Procedure 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] . . . order" on a party's motion or on its own. Further, Rule 60(a) enables a court to clarify or explain an order "to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *Greer v. Mehiel*, No. 15 Civ. 6119 (AJN), 2017 WL 128520, at *2 (S.D.N.Y. Jan. 12, 2017) (quoting *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)). "[A] motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *McCaffrey v. Gatekeeper USA, Inc.*, No. 14 Civ. 493 (VSB), 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022) (quoting *Metcalf v. Yale Univ.*, No. 15 Civ. 1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019)).

#### 2. Reconsideration

Under Local Rule 6.3, reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246

(S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990)). Such narrow grounds justifying reconsideration include an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Noel v. City of New York*, No. 15 Civ. 5236 (LTS) (KHP), 2023 WL 8850070, at *1 (S.D.N.Y. Dec. 21, 2023) (quoting *Nguyen v. MaxPoint Interactive, Inc.*, No. 15 Civ. 6880 (LTS), 2017 WL 3084583, at *1 (S.D.N.Y. May 12, 2017)). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (quoting *Cohen v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 3863 (LTS) (SDA), 2021 WL 2158018, at *2 (S.D.N.Y. May 26, 2021); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." (citing *EEOC v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 199 (E.D.N.Y.2003))).

### III. PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT IS DENIED

Plaintiff seeks the entry of partial final judgment on two sets of claims—those relating to the Millstone II CDO and those relating to the 59 RMBS trusts dismissed on standing and statute of limitations grounds. (Pl.'s 54(b) Mem. at 1–2.) Plaintiff argues that the Millstone II CDO claim "is completely separate and distinct from the" RMBS trusts at issue, as it is governed by a separate indenture, does not have individual mortgage loans as collateral, and relates to two EODs unique to the Millstone II CDO, "neither of which is at issue in any RMBS trust claim in this case."

5

(*Id.* at 2–5.) Commerzbank further contends that partial final judgment is appropriate as to claims arising from the 59 dismissed RMBS trusts because each trust is governed by its own contract and because this Court made two "bright-line determinations" regarding standing and the statute of limitations, which do not affect the remaining claims in the case. (*Id.* at 5–6.)

In response, Defendants argue that while the Millstone II CDO and the RMBS trusts are governed by different contracts, they will raise common limitations, *res judicata*, and contract-based defenses to both dismissed and non-dismissed claims,[2] which could result in multiple redundant appeals in the event of an issuance of partial final judgment—particularly because the first appeal would not "have the benefit of a full factual record after trial." (*See* Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Entry of Partial Final J. ("Defs.' 54(b) Opp'n"), ECF No. 364, at 3–4.) Defendants also note that there are already two pending appeals regarding the standing and statute of limitations issues. (*Id.* at 6; *see also* Pl.'s 54(b) Mem. at 5 n.3.)

This Court is unconvinced that Commerzbank has met the lofty standard to justify the issuance of a partial final judgment under Rule 54(b), and to dispense with the "historic federal policy against piecemeal appeals." *Novick*, 642 F.3d at 310 (quoting *Curtiss-Wright*, 446 U.S. at 8). Though Plaintiff argues at length about the "distinct" and "separate" nature of the claims dismissed by the summary judgment opinion and the opinion's "bright-line determination[s]" (*see* Pl.'s 54(b) Mem. at 6, 9–10), Commerzbank misses a crucial part of the equation: the defenses that BNYM will raise in response to both the dismissed and remaining claims. Defendants note that "[t]he same limitations defense applies to all of the RMBS [t]rusts and the Millstone II CDO; the same *res judicata* defense applies to many of the RMBS [t]rusts, both dismissed and non-

---

[2] Though this Court denied summary judgment on these grounds for the remaining claims, the denial of summary judgment does not mean that BNYM cannot raise these defenses at trial. (*See* Defs.' 54(b) Opp'n at 3–4.)

dismissed; and the same contract issues apply to many or all of the transactions in the case." (Defs.' 54(b) Opp'n at 3.) Accordingly, there is a plausible—if not probable—likelihood that if this Court were to enter final judgment on both of these claims, multiple appellate panels would pass over the same issues—precisely what is to be avoided with a Rule 54(b) judgment. *See Novick*, 642 F.3d at 311 ("'It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." (quoting *Harriscom*, 947 F.2d at 631)). This concern is all the more acute here, where—as Plaintiff concedes—there are already two pending appeals raising similar issues regarding the RMBS trusts. (*See* Pl.'s 54(b) Mem. at 5 n.3.)

Nor has Commerzbank carried its burden of showing that "there is no just reason for delay[ing]" entry of judgment. Fed. R. Civ. P. 54(b). Though it points to the potential inefficiency of holding multiple trials in this action, this Court agrees with the weight of authority in this District that a desire to avoid a second trial is insufficient to warrant entry of partial final judgment under Rule 54(b), as this desire is inherent in nearly all Rule 54(b) motions. *See, e.g., Sussman Sales Co. v. VWR Int'l, LLC*, No. 20 Civ. 2869 (KPF), 2021 WL 6065760, at *7 (S.D.N.Y. Dec. 21, 2021); *FAT Brands Inc. v. PPMT Capital Advisors, Ltd.*, No. 19 Civ. 10497 (JMF), 2021 WL 1392849, at *3 (S.D.N.Y. Apr. 13, 2021). And, of course, this hypothetical efficiency gain would only be realized if the Second Circuit *reverses* this Court's summary judgment decision. Commerzbank has also failed to identify any prejudice it would suffer in the absence of a Rule 54(b) judgment. BNYM, meanwhile, notes than an appellate reversal would throw a wrench into expert discovery, necessitating its extension or reopening. (Defs.' 54(b) Opp'n at 6.)

This case is currently in its ninth year and, with expert discovery looming, is not yet close to trial. Against this backdrop, this Court sees no reason to inject further delay and uncertainty into this action based on Plaintiff's hope that the Second Circuit will view matters differently than this Court. Plaintiff's motion for entry of partial final judgment pursuant to Rule 54(b) is DENIED.

### IV. DEFENDANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION IS DENIED

Defendants move for clarification or reconsideration of this Court's ruling on the "scope of the *res judicata* defense as it applies to claims by Commerzbank based on 'post-Settlement' servicing by Bank of America." (Defs.' Mem. of Law in Support of Mot. for Clarification or Reconsideration ("Defs.' Clarif. Mem."), ECF No. 362, at 1.) In seeking summary judgment, Defendants argued that Plaintiff's "claims on 54 trusts are barred by *res judicata*, namely, the [New York State] court approval of [the Countrywide Settlement] BNYM entered into on behalf of those trusts . . . ." (*See* Defs.' Mem. of Law in Support of Mot. for Summ. J. ("Defs.' SJ Mem."), ECF No. 306, at 4; *see also id.* at 15–22.)

In its summary judgment opinion, this Court ruled that BNYM's June 2011 settlement with Countrywide (and its successor, Bank of America) did not bar claims as to the remaining 13 certificates at issue in this action on the grounds of claim preclusion (*res judicata*) or issue preclusion (collateral estoppel) because the "alleged servicing issues either continued or were disclosed to Defendants after the Settlement." (Op. at 14–15 (citation omitted).) Relying on Judge Katherine Polk Failla's decision regarding the applicability of issue preclusion to the Countrywide Settlement, *see Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, No. 17 Civ. 1388 (KPF), 2023 WL 5128079, at *24 (S.D.N.Y. Aug. 10, 2023), this Court reasoned that "[t]he Countrywide Settlement and [the New York State] Article 77 proceeding [approving the Countrywide

8

Settlement] could not have had preclusive effect on future, unmaterialized claims and thus do not bar Plaintiff's claims under either *res judicata* or collateral estoppel principles." (Op. at 15.)

Defendants seek "to avoid this aspect of the [summary judgment decision] becoming law of the case," noting that they anticipate that Commerzbank will not be able to overcome a *res judicata* defense following expert discovery. (Defs.' Clarif. Mem. at 1.) Defendants claim that this Court improperly interpreted the Countrywide Settlement, arguing that it "expressly release[d] practically all claims under the [RMBS trusts' Pooling and Servicing Agreements ("PSAs")] relating to servicing, regardless of when they accrued, and set forth higher and clearer servicing standards that would apply after the execution and approval of the Settlement." (*Id.* at 2; *see also id.* at 4–5 (citing pertinent portions of settlement agreement).) Thus, Defendants argue that only breaches of the post-Settlement servicing standards are actionable, and to the extent that Commerzbank only alleges breaches of the trusts' PSAs, such claims are barred by the state court approval of the settlement. (*Id.* at 5–6.)

At the outset, this Court must deny Defendants' motion for clarification as procedurally improper. Plaintiff is correct that Defendants have failed to identify an ambiguity in the summary judgment opinion. (*See* Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Clarification or Reconsideration, ECF No. 363, at 3–4.) The summary judgment decision was straightforward and clear: This Court held that *res judicata* and collateral estoppel did not bar claims that post-dated the state court approval of the Countrywide Settlement. (*See* Op. at 14–15.) Therefore, because Defendants have not identified any ambiguity in the summary judgment decision, their motion for clarification is DENIED. *See McCaffrey*, 2022 WL 1321494, at *1 ("When a ruling is unambiguous . . . clarification generally will be denied." (quoting *Metcalf*, 2019 WL 1767411, at *2)).

Construed as seeking reconsideration, Defendants' motion fares no better, as it is likewise procedurally improper at its core. In their summary judgment motion, Defendants argued that the state court approval of the Countrywide Settlement barred Plaintiff's claims on 54 trusts that were the subject of the settlement. (*See* Defs.' SJ Mem. at 4, 15–22.) After whittling down the scope of the claims at issue, this Court expressly did not grant summary judgment on *res judicata* and collateral estoppel grounds, finding that Defendants' argument failed. (*See* Op. at 14–15.)

Defendants rightly note, however, that the summary judgment decision incorrectly relied on *Pacific Life* for the proposition that claims which post-date the Countrywide Settlement were not subject to *res judicata* or collateral estoppel. (*See* Op. at 15.) In *Pacific Life*, Judge Failla did not affirmatively decide the applicability of issue preclusion to post-Settlement claims, but rather recommitted the issue to Magistrate Judge Robert W. Lehrburger. *See* 2023 WL 5128079, at *24–25. This Court also takes judicial notice of the fact that, after Defendants' motion was fully submitted, Magistrate Judge Lehrburger issued a report and recommendation, currently pending before Judge Failla, in which he held that the Countrywide Settlement precluded post-settlement EOD claims. *See Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, No. 17 Civ. 1388 (KPF) (RWL), 2024 WL 78239, at *8 (S.D.N.Y. Jan. 8, 2024).

Nonetheless, to be entitled to reconsideration, Defendants must point to matters "that might reasonably be expected to alter the conclusion reached by the Court." *Shrader*, 70 F.3d at 257. In the instant motion practice, Defendants explicitly do *not* argue that this Court should reverse course as to its ultimate conclusion and *grant* them summary judgment on this issue. (*See* Defs.' Clarif. Mem. at 2 ("In this motion, BNYM does not seek the immediate dismissal of any claim . . . ."); Defs.' Reply Mem. of Law in Further Support of Mot. for Clarification or Reconsideration, ECF No. 366, at 5 ("BNYM's [m]otion does not request the Court to enter

judgment on any post-Settlement claims.").) This Court is disinclined to grant Defendants relief beyond what they requested and, in any event, would need further development of the factual record before considering the issue. Therefore, Defendants' motion for reconsideration is also DENIED. Defendants are free to renew that aspect of their summary judgment motion relating to the preclusive effect of the Countrywide Settlement at the close of expert discovery, should they have a good-faith evidentiary basis to do so.

## V. CONCLUSION

Plaintiff's motion for entry of partial final judgment (ECF No. 359) is DENIED, and Defendants' motion for clarification or reconsideration is DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 359 and 361.

Dated: New York, New York
       March 27, 2024

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge